| ESPOON KÄRÄJÄOIKEUS | | TUOMIO | 06/24 |
|---|---|---|---|
| 3.2 osasto | | | |
| Käräjätuomari Sinikka Kannisto | | | Asiano: |
| | | 5.1.2006 | R 05/2529 |

| | |
|---|---|
| Lautamiehet | Mustonen Minttu, Nelke Markku, Norlamo Sabrina |
| **Syyttäjä** | Kihlakunnansyyttäjä Heli Haapalehto |
| **Vastaaja(t)** | RIED JUSTIN KENNETH |
| **Asianomistaja(t)** | NOKIA OYJ |
| **Asia** | TÖRKEÄ PETOS |
| **Vireille** | 22.12.2005 |

## SELOSTUS ASIASTA

**Syyttäjän rangaistusvaatimus**

1. TÖRKEÄ PETOS
(6010/R/0009175/05)
Rikoslaki 36 luku 2 § 1

28.5.2004 - 13.6.2005     ESPOO

Ried on toimiessaan Nokia Oyj:n työntekijänä tehtävänimikkeenään web manager hankkiakseen itselleen tai toiselle oikeudetonta taloudellista hyötyä erehdyttänyt Nokia Oyj:n hankinnoista vastaavia henkilöitä hankkimaan hänelle useita tietokoneita ja niihin liittyviä lisälaitteita sekä ohjelmia yhteensä 49.164,66 euron arvosta uskotellen hankkivansa laitteet työntekijöilleen tai itselleen työntekemistä varten, mutta on todellisuudessa hankkinut laitteet yksityiskäyttöään varten ja on myös myynyt joitakin laitteita eteenpäin. Ried on tehnyt laitetilauksia yhteensä kuusitoista kertaa aikavälillä 28.5.2004-13.6.2005. Teko on ollut suunnitelmallinen, sitä on tehty ajallisesti pitkään ja sillä on tavoiteltu huomattavaa taloudellista hyötyä, rikos on tehty käyttämällä hyväksi vastuulliseen asemaan perustuvaa erityistä luotamusta ja tekoa on myös kokonaisuutena arvostellen pidettävä törkeänä.

2. TÖRKEÄ KAVALLUS
(6010/R/0009175/05)
Rikoslaki 28 luku 5 § 1

9.8.2004 - 20.7.2005     ESPOO

Ried on toimiessaan Nokia Oyj:n palveluksessa työntekijänä työnimikkeenään web manager ollut oikeutettu hyväksymään rajoitetusti laskuja työtehtäväänsä liittyen. Ried on saanut oikeuden laskujen hyväksymiseen elokuussa 2004 ja hän on heti 9.8.2004 alkanut tehdä itse perusteettomia laskuja, jotka on lähettänyt Nokia Oyj:lle sähköpostilla omasta osoitteestaan ja jotka on itse hyväksynyt maksettavaksi. Laskuihin maksun saajaksi Justin Ried on merkinnyt nimen Kenneth Ried ja maksu on maksettu Justin Riedin omalle Bank of America:n tilille nro 94322807.



MAKSU 16,80 EUR
+ 22 e lainvoimaisuustod.

Laskuja Ried on tehnyt yhteensä 26 kappaletta aikavälillä 9.8.2004-20.7.2005 ja laskujen yhteissumma on ollut 319.500,00 USD eli 245.988,86 euroa. Justin Ried on tällä menettelyllään kavaltanut työnantajansa Nokia Oyj:n varoja yhteensä 245.988,86 euron arvosta. Teon kohteena on ollut suuri määrä varoja ja Ried on käyttänyt hyväkseen erityisen vastuullista asemaansa ja kavallusta on myös kokonaisuutena arvostellen pidettävä törkeänä.

### Asianomistajan vaatimukset

Syytekohdat 1 ja 2
Nokia Oyj yhtyy syyttäjän rangaistusvaatimukseen.

Nokia Oyj vaatii, että käräjäoikeus velvoittaa vastaajan korvaamaan Nokia Oyj:lle

1) Syytekohdan 1 osalta vahingonkorvauksena sen irtaimiston hankintahinnan, jonka vastaaja on oikeudettomasti hankkinut Nokia Oyj:n varoilla ja jota hän ei ole Nokia Oyj:lle palauttanut, määrältään yhteensä 25.339,79 euroa (alv. 0 %) korkolain 4 § 1 momentin mukaisine viivästyskorkoineen 27.9.2005 lukien.

2) Syytekohdan 2 osalta maksettujen laskujen perusteella vahingonkorvauksena 167.969,00 euroa korkolain 4 § 1 momentin mukaisine viivästyskorkoineen 27.9.2005 lukien.

3) Syytekohtien 1-2 osalta asian selvittelystä Nokia Oyj:n henkilökunnan normaaliin työhön kuulumattomasta ylimääräisestä työstä aiheutuneet kustannukset 1.600 euroa korkolain 4 § 1 momentin mukaisine viivästyskorkoineen 5.1.2006 lukien.

4) Syytekohtien 1-2 osalta Nokia Oyj:n oikeudenkäyntikuluina 18.361,40 euroa korkolain 4 § 1 momentin mukaisine viivästyskorkoineen siitä lukien, kun kuukausi on kulunut käräjäoikeuden tuomion antamisesta.

### VASTAUKSET JA PERUSTEET

**Syytekohdat 1 ja 2**

Ried myönsi menetelleensä syytteessä kerrotuin tavoin ja myönsi syytteet. Ried on kavaltanut Nokia Oyj:ltä rahaa, pikku hiljaa summaa kasvattaen. Rahoilla on maksettu mm. opintolaina sekä hankittu asunto ja auto.

Ried myönsi asianomistaja Nokia Oyj:n korvausvaatimukset sekä perusteeltaan että määrältään siten, että vahingonkorvausvaatimuksesta tulisi vähentää 20.000 euroa. Tämä
perustuu siihen, että Nokia Oyj ja Riedin avopuoliso Hanna Pölkki ovat 13.12.2005 tehneet sopimuksen Hanna Pölkin tililtä takavarikoitujen varojen 20.000 euron palauttamisesta Nokia Oyj:lle, koska nämä varat eivät kuulu Hanna Pölkille.

### TODISTELU

**Kirjalliset todisteet**

Syyttäjä

Syytekohta 1:
1. Laitetilauksia koskevat laskut, lisätutkintapöytäkirjan liite 2 sivut 10-33
2. Yhteenvetolaskelma laitelaskuista, lisätutkintapöytäkirjan liite 2 sivut 7-9
3. Riedin lähettämä sähköpostiviesti esimiehelleen, jossa myöntää tilanneensa omaan käyttöönsä laitteistoja, tutkintapöytäkirjan liite 2 sivu 54

Syytekohta 2:
1. Yhteenveto Riedin Nokia Oyj:lle lähettämistä laskuista ja niiden arvot, lisätutkintapöytäkirjan liite 2 sivu 1
2. Tekaistut laskut, tutkintapöytäkirjan liite 2 sivut 3-52

### Asianomistaja

Syytekohta 1:
1. Officeline Finland Oy:n laskut (sama kuin syyttäjällä)
2. Yhteenveto 2.1.2006
3. Viivästyskorkolaskelma 2.1.2006

Syytekohta 2:
1. Nokia Oyj:n kirjanpidon perusteella 8.10.2005 tehty yhteenveto vastaajan tilille oikeudettomien laskujen perusteella tehdyistä suorituksista
2. Vastaajan Bank Of American tilin tiliotteet ajalta 20.8.2004-21.9.2005
3. Viivästyskorkolaskelma 2.1.2006

## Henkilötodistelu

### Syyttäjä

1. Justin Kenneth Ried todistelutarkoituksessa

## TUOMION PERUSTELUT
### Syyksilukemisen perustelut

Syytekohta 1:
Riedin kertomuksen ja sitä tukevien kirjallisten todisteiden perusteella, Riedin on näytetty syyllistyneen siihen rikokseen, mistä syyttäjä on vaatinut hänelle rangaistusta.

Tekoa on pidettävä törkeänä ottaen huomioon teon suunnitelmallisuus ja kestoaika. Rikos on tehty käyttämällä hyväksi vastuullisen asemaan perustuvaa erityistä luottamusta ja tekoa on kokonaisuutenakin arvostellen pidettävä törkeänä.

Syytekohta 2:
Riedin kertomuksen ja sitä tukevien kirjallisten todisteiden perusteella, Riedin on näytetty syyllistyneen siihen rikokseen, mistä syyttäjä on vaatinut hänelle rangaistusta.

Tekoa on pidettävä törkeänä ottaen huomioon teon suunnitelmallisuus ja kestoaika. Ried on käyttänyt hyväkseen erityisen vastuullista asemaansa ja tekoa on myös kokonaisuutenakin arvostellen pidettävä törkeänä.

### Seuraamukset

Riediä ei ole aikaisemmin rikoksesta rangaistu. Ehdollista vankeusrangaistusta on pidettävä riittävänä seuraamuksena ottaen huomioon Riedille tulevat oheisseuraamukset. Ottaen huomioon, että teko on ollut suunnitelmallista ja varojen määrä on ollut suuri, ehdollisen vankeusrangaistuksen on oltava tuntuva Näyttämättä on jäänyt, että Ried vapaaehtoisesti olisi myötävaikuttanut rikoksen selvittämisessä.

### Vahingonkorvausvaatimukset

Ried on myöntänyt asianomistajan korvausvaatimukset perusteeltaan oikeaksi ja määrän osalta siten, että 20.000 euroa tulisi vähentää korvaussummasta. Koska Nokia Oyj ei ole saanut vielä 20.000 euroa, niin sitä ei voida ottaa vähentävänä seikkana huomioon.

### Oikeudenkäyntikulut

Ried on alusta alkaen myöntänyt teot. Asia on siten selkeästi ollut riidaton. Koska Nokia Oyj:n henkilökunta on tehnyt ylimääräistä työtä tämän johdosta 1.600 euroa osalta ja tämän vastaaja on velvollinen korvaamaan, ei käräjäoikeuden käsityksen mukaan näin laajaan asian lisätutkimiseen ole ollut tarvetta. Siksi oikeudenkäyntikuluvaatimusta on kohtuullistettava.

### TUOMIOLAUSELMA

Käräjäoikeuden ratkaisu ilmenee oheisesta tuomiolauselmasta.

### Muutoksenhaku

Annettiin muutoksenhakuohjaus.

Sinikka Kannisto käräjätuomari

Espoon käräjäoikeus  
3.2. osasto

LISÄLEHTI  
R05/ 2529

**Korvausvelvollisuus**  
**Yksityisoikeudelliset korvaukset**

Ried velvoitetaan suorittamaan Nokia Oyj:lle vahingonkorvauksena

syytekohdan 1 perusteella  
25.339,79 euroa  
ja  
syytekohdan 2 perusteella  
167.969,00 euroa

Molemmat määrät korkolain 4 § 1 momentin mukaisine viivästyskorkoineen 27.9.2005 alkaen.

Ried velvoitetaan suorittamaan Nokia Oyj:lle työstä aiheutuneina kustannuksina 1.600 euroa viivästyskorkoineen 5.1.2006 lukien.

Viivästyskorko määräytyy korkolain 4 § 1 momentin nojalla.

Ried velvoitetaan suorittamaan Nokia Oyj:n oikeudenkäyntikuluina 12.000 euroa korkolain 4 § 1 momentin mukaisine viivästyskorkoineen siitä lukien, kun kuukausi on kulunut käräjäoikeuden tuomion antamisesta.

**Valtion varoista maksettavat korvaukset**

Valtion varoista suoritetaan Riedin puolustajaksi määrätylle asianajaja Matti Nurmelalle palkkiona 1.553,06 euroa.

Valtion varoista suoritetaan Nina Ahlbergille tulkin palkkiona 156,00 euroa

Käräjätuomari Sinikka Kannisto

```
ESPOON KÄRÄJÄOIKEUS            5.1.2006     NO : 24      TL: 1
3.2. OSASTO                                 DNO: R 05/2529
```

SYYTETTY

Ried, Justin Kenneth
180976-219J

Kala-Maija 1 A 11
02230 ESPOO


TUOMIOLAUSELMA

    SYYKSI LUETUT RIKOKSET

1) Törkeä petos 28.5.2004-13.6.2005
2) Törkeä kavallus 9.8.2004-20.7.2005

    RANGAISTUSSEURAAMUKSET

YHTEINEN VANKEUSRANGAISTUS
1 vuosi 10 kuukautta vankeutta
Rikoslain 6 luvun 13 §:n nojalla tehtävä vähennys
3 päivää.
Vapaudenmenetysaika 26.8.-28.8.2005
Vankeusrangaistus ehdollinen.
Koeaika päättyy 30.6.2008.

    LAINKOHDAT

1) Rikoslaki 36 luku 2 § 1
2) Rikoslaki 28 luku 5 § 1

    KORVAUSVELVOLLISUUS

Yksityisoikeudelliset korvaukset lisälehdellä.


    MUUT LAUSUNNOT

Vakuustakavarikko (9.9.2005, 3.4 osasto,
PK 05/1617) määrätään pidettäväksi voimassa,
kunnes korvaus on maksettu, sen perimiseksi on
laillisessa järjestyksessä toimitettu
ulosmittaus taikka asiasta toisin määrätään.


Ehdollinen rangaistus voidaan määrätä täytäntöön-
pantavaksi, jos tuomittu tekee koeaikana rikoksen,
josta hänet tuomitaan ehdottomaan vankeuteen ja
josta syyte on nostettu vuoden kuluessa koeajan

päättymisestä.

Tämä tuomio/~~päätös~~ on lainvoimainen.
Espoon käräjäoikeudessa
13.6.2014.

**KRISTIINA LEHTONEN**
kirjaamosihteeri

Jäljennöksen oikeaksi todistaa Espoossa, Espoon käräjäoikeuden kansliassa kesä kuun 13. päivänä 2014.
Viran puolesta.

**KRISTIINA LEHTONEN**
kirjaamosihteeri

|  |  |  |
|---|---|---|
| COPY | | 1 |
| **DISTRICT COURT OF ESPOO** | JUDGMENT | 06/24 |

Division 3.2
District Court Judge Sinikka Kannisto                                   Case number:
                                                                January 5, 2006         R 05/2529

Lay members    Mustonen Minttu, Nelke Markku, Norlamo Sabrina

**Prosecutor**    District prosecutor  Heli Haapalehto

**Defendant(s)**    RIED JUSTIN KENNETH

**Plaintiff(s)**    NOKIA OYJ

**Case**    GRAVE FRAUD

**Filed**    December 22, 2005

## FACTS OF THE CASE

**Punishment demand by the prosecutor**

1. GRAVE FRAUD
   (6010/R/0009175/05)
   Criminal Code Chapter 36 Section 2 Paragraph 1

   May 28, 2004 – June 13, 2005        ESPOO

   While working as an employee of Nokia Oyj with the title webmaster, Ried has, in order to get an unjustified economic benefit for himself or for someone else, misled those in charge of the acquisitions at Nokia Oyj to provide him with several computers, accessories and software for them at the value of 49,164.66 EUR by pretending to request the equipment for his employees or himself for work but did, in reality, get the equipment for his personal use and additionally has also sold some of the equipment. Ried has submitted sixteen such equipment orders during the period from May 28, 2004 to June 13, 2005. The act has been planned, it has been committed for a long period of time and it has been pursued for a considerable economic benefit, the crime has been committed by exploiting the particular trust invested in his responsible position and the act should also be regarded as grave as a whole.

2. GRAVE EMBEZZLEMENT
   (6010/R/0009175/05)
   Criminal Code Chapter 28 Section 5 Paragraph 1

   August 9, 2004 – July 20, 2005 ESPOO

In his work in the employment of Nokia Oyj with the title web manager, Ried has been entitled to accept a limited amount of invoices for his job. Ried acquired the right to approve invoices in August 2004 and as of August 9, 2004, he started to personally make unjustified invoices which he sent to Nokia Oyj by e-mail from his own address and which he personally accepted for payment. As the beneficiary of the payment, Justin Ried has entered the name Kenneth Ried and the payment has been paid to Justin Ried's own account nr 94322807 at Bank of America.
FEE [hw:] *16.80* EUR
*+ 22 e conformity certificate*

2

Ried submitted a total of 26 invoices between August 9, 2004 and July 20, 2005 and the total amount of the invoices was 319,500.00 USD, which is equal to 245,988.86 EUR. By this conduct, Justin Ried has embezzled the funds of his employee Nokia Oyj for a total value of 245,988.86 EUR. The object of the act has been a great amount of funds and Ried has exploited his particularly responsible position and the embezzlement should also be regarded as grave as a whole.

**The plaintiff's demands**

Counts 1 and 2
Nokia Oyj concurs with the prosecutor's punishment demand.

Nokia Oyj demands that the District Court obligates the defendant to reimburse Nokia Oyj

1) As for count 1, as compensation for damages, the price of acquiring the movable effects that the defendant has had no justification to acquire with the funds of Nokia Oyj and which he has not returned to Nokia Oyj, for a total amount of 25,339.79 EUR (VAT 0%) compounded by overdue interest in accordance with Section 4 Paragraph 1 from September 27, 2005.
2) As for count 2, as compensation for damages on account of the invoices 167,969.00 EUR with overdue interest from September 27, 2005 in accordance with Section 4 Paragraph 1 of the Interest Act.
3) As for counts 1-2, the costs incurred or the extra work undertaken to investigate the matter that did not belong to the normal work of Nokia Oyj personnel, 1,600 EUR with overdue interest from January 5, 2006 in accordance with Section 4 Paragraph 1 of the Interest Act.
4) As for counts 1-2, Nokia Oyj's lawyer's fees of 18,361.40 EUR with overdue interest from the date when a month has passed from the District Court's judgment in accordance with Section 4 Paragraph 1 of the Interest Act.

**REPLIES AND MOTIVATIONS**

**Counts 1 and 2**

Ried confessed that he had acted as mentioned in the indictment and has admitted the charges. Ried has embezzled money from Nokia Oyj, increasing the amount little by little. The money has been used to pay, for instance, for the student loan and he has bought a house and a car.
Ried admitted the punishment demands in the plaintiff's claim for damages both in terms of their grounds as well as their quantity so that 20,000 EUR should be deducted from the compensation for damages. This is based on the view that Nokia Oyj and Ried's common-law spouse Hanna Pölkki have concluded a contract on December 13, 2005 about returning the confiscated funds of 20,000 EUR to Nokia Oyj because these funds do not belong to Hanna Pölkki.


**EVIDENCE**

**Written evidence**
                    **Prosecutor**

Count 1:
1. Invoices for equipment orders, annex 2 to the preliminary investigation report pages 10-33
2. A summary calculation of the equipment invoices, annex 2 to the preliminary investigation report pages 7-9.
3. E-mail message sent by Ried to his supervisor in which he admits having ordered equipment for his own use, annex 2 to the investigation report page 54

Count 2
1. Summary of invoices sent by Ried to Nokia Oyj and their values, annex 2 to the preliminary investigation report page 1
2. Concocted invoices, annex 2 to the investigation report pages 3-52.

**Plaintiff**

Count 1:
1. Invoices from Officeline Finland Oy (same as with the prosecutor)
2. Summary of January 2, 2006
3. Overdue interest calculation of January 2, 2006

Count 2:
1. Summary made on October 8, 2005 based on Nokia Oyj's accounting of payment made on the basis of unjustified invoices to the defendant's account.
2. The bank statements for the defendant's account at the Bank of America in the period from August 20, 2004 to September 21, 2005
3. Overdue interest calculation of January 2, 2006

**Personal evidence**
Prosecution
1. Justin Kenneth Ried for the purpose of evidence

**REASONING FOR THE JUDGMENT**
**Reasoning for the imputation**

Count 1:
On the basis of Ried's account and the written evidence supporting it, Ried has been shown to be guilty of the crime for which the prosecutor has demanded his punishment.
The act must be regarded as grave, taking into account the planned nature of the act and its duration. The crime has been committed by exploiting the particular trust invested in his responsible position and the act must be regarded as grave as a whole.
Count 2:
On the basis of Ried's account and the written evidence supporting it, Ried has been shown to be guilty of the crime for which the prosecutor has demanded his punishment. The act must be regarded as grave taking into account the planned nature of the act as well as its duration. Ried has committed the crime by exploiting the particular trust invested in his responsible position and the act must be regarded as grave as a whole.
**Sanctions**

Ried has not been punished for a crime previously. A conditional prison term must be regarded as sufficient taking into account the other types of sanctions to which Ried is subjected. Taking into account that the act has been planned and the amount of funds has been great, the conditional prison term must be significant. It has not been shown that Ried has contributed voluntarily to the investigation of the crime.

**Compensation for damages**

Ried has admitted that the plaintiff's compensation for damages are justified and with regards to the amount, 20,000 EUR should be deducted from the compensation amount. Since Nokia Oyj has not yet obtained the 20,000 EUR, it cannot be taken into account as a mitigating factor.

**Legal fees**

Ried has confessed the acts from the beginning. Consequently, the matter has been clearly undisputed. Since the personnel of Nokia Oyj have done extra work on account of this matter with regard to 1,600 EUR and the defendant is liable to compensate for it, it is the District Court's view that no extra investigation into a matter of this size has been called for. For that reason, the legal fee request must be adjusted to make it reasonable.

**JUDGMENT**

The decision of the District Court is shown in the enclosed judgment.

**Appeal**

Instructions for appeal were provided.

[signature]

Sinikka Kannisto District Court Judge

**District Court of Espoo**   ADDITIONAL SHEET
**Division 3.2**              R05/2529

**Liability for damages**
**Private legal compensations**

Reid is obligated to pay Nokia Oyj the following compensation for damages:

On the basis of count 1
25,339.79 EUR
and
On the basis of count 2
167,969.00 EUR

Both amounts with the overdue interest in accordance with Section 4 Paragraph 1 of the Interest Act from September 27, 2005.

Ried is obligated to pay Nokia Oyj 1,600 EUR for the costs it incurred because of the work with overdue interest from January 5, 2006.

The overdue interest is determined on the basis of Section 4 Paragraph 1 of the Interest Act.

Ried is obligated to pay Nokia Oyj 12,000 EUR in legal fees with overdue interest beginning one month from the District Court's judgment in accordance with Section 4 Paragraph 1 of the Interest Act.

**Compensations paid from State funds**

The fee to lawyer Mati Nurmela, who was appointed as the defense lawyer for Ried, to the amount of 1,553.06 EUR, is paid from State funds.

The interpreter's fee to the amount of 156.00 EUR is paid to Nina Ahlberg from State funds.

[signature]
District Court Judge Sinikka Kannisto

PAGE
1(2)

DISTRICT COURT OF ESPOO          JANUARY 5, 2006     NR: 24        TL:   1
                                                     FILE NR: R 05/2529

DIVISION 3.2

ACCUSED

Ried, Justin Kenneth
180976-219J

Kala-Maija 1 A 11
02230 ESPOO

JUDGMENT

IMPUTED CRIMES
   1) Grave fraud May 28, 2004 – June 13, 2005
   2) Grave embezzlement August 9, 2004 – July 20, 2005

PUNISHMENTS
JOINT PRISON SENTENCE
1 year 10 months prison
Deduction made in accordance to Criminal Code Chapter 6 Section 13 is 3 days.
Freedom deprivation period August 26 – August 28, 2005
Prison sentence conditional.
Probation ends on June 30, 2008.

LEGAL BASES
   1) Criminal Code Chapter 36 Section 2 Paragraph 1
   2) Criminal Code Chapter 28 Section 5 Paragraph 1

LIABIITY TO COMPENSATE
Private legal compensations on a separate sheet.

OTHER OPINIONS
Garnishment (September 9, 2005, 3.4 Division, PK 05/1617) is ordered to be kept in force until the compensation has been paid, a foreclosure has been completed to collect as provided by law or another order on the matter has been issued.

The conditional sentence may be ordered to be enforced if, during the probation, the sentenced person commits a crime for which he is sentenced to an unconditional imprisonment and for which the charge has been pressed within a year from

Page 2(2)

NR: 24    TL: 1

end of the probation period.

[stamp:]This judgment/~~decision~~ is in force.
Espoo District Court
[hw:] *June 13, 2014*

                                        [stamp:]The copy is certified in Espoo, at the office of the District
                                        Court of Espoo on *June 13, 2014*
                                        Ex officio

[signature]                                        [signature]
[stamp:]KRISTIINA LEHTONEN          [stamp:]KRISTIINA LEHTONEN
       Registry secretary                         Registry secretary



City of Chicago, State of Illinois, County of Cook

I, Benjamin Hengels, hereby certify that the document **"Nokia – Ried – Espoon KO Tumoio 050106"** is, to the best of my knowledge and belief, a true and accurate translation from Finnish into English.

Benjamin Hengels

Sworn to before me this
Monday, June 23, 2014

Signature, Notary Public

OFFICIAL SEAL
MICHAEL GIBBONS
Notary Public – State of Illinois
My Commission Expires September 10, 2017

Stamp, Notary Public